## LEESON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 58, October Term, 1956.]

644

Decided February 7, 1957.

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Michaelson. The petitioner was convicted for breaking and entering and larceny and sentenced on August 4, 1953, to two years in the House of Correction. He was granted a parole on May 19, 1954. He was returned to the House of Correction on July 13, 1956, as a parole violator. Petitioner claims that he did not commit any act that was a violation of his parole down to the time when his period of parole expired, and that the denial of "street time" by the Parole Board is a violation of his constitutional rights.

We find no merit in the contention. Judge Michaelson stated in his opinion that he was informed by the Warden that the records show that while the petitioner was on parole he failed to keep in touch with his parole officer, and that a hearing was held on the matter after he was apprehended, in accordance with Code (1956 Supp.), Article 41, Section 91H (Chapter 625, Acts of 1953). This section provides that if the order of parole is revoked, the prisoner shall serve the remainder of the sentence originally imposed without credit for the time spent in the community under parole supervision, except that the Board may in its discretion grant credit in whole or in part. If we assume, without deciding, that the action of the Board would be reviewable on *habeas corpus* under any circumstances, no abuse of discretion is here shown. *Williams v. Warden*, 209 Md. 627; *Forrester v. Warden*, 207 Md. 622. Cf. *Jett v. Superintendent*, 209 Md. 633, 640.

*Application denied, with costs.*